Lyca Octavianne MANEMBU, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–74151.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 19, 2011.

Armin A. Skalmowski, Esquire, Alhambra, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Lyca Octavianne Manembu, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Even if Manembu timely filed her asylum application, substantial evidence supports the agency's conclusion that her experiences in Indonesia during the 1998 riots did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir.2009). Additionally, the record does not compel reversal of the agency's conclusion that Manembu failed to demonstrate a well-founded fear of future persecution because, even as a member of a disfavored group of Indonesian Christians, she did not show that her fear was objectively reasonable. *See Lolong v.*

*Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (objective well-founded fear not established because applicant made a general, undifferentiated claim).

Because Manembu has not met the standard for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Manembu failed to establish it is more likely than not she would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

